UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ACCELERANT SPECIALTY INSURANCE CO. | CIVIL ACTION |
| VERSUS | NO: 23-2796 C/W<br>23-2803 |
| DAGGA BOY, LLC | SECTION: "A" (5) |

## ORDER AND REASONS

The following motion is before the Court: **Motion to Dismiss (Rec. Doc. 7)** filed by Accelerant Specialty Insurance Co. Dagga Boy, LLC opposes the motion. The motion, submitted for consideration on September 27, 2023, is before the Court on the briefs without oral argument.

On December 9, 2022, the M/V DAGGA BOY, was damaged by a fire while moored at the dock for repairs. Dagga Boy, LLC (hereinafter "Dagga Boy") owned the vessel. Accelerant Specialty Insurance Co. (hereinafter "Accelerant") insured the vessel. Dagga Boy contends that the fire damage resulted in a total loss of the vessel.

On May 25th of this year, Dagga Boy filed suit against Accelerant because, according to Dagga Boy, notwithstanding well-supported and proper proof of loss, Accelerant persisted in denying payment on the claim. Dagga Boy filed its lawsuit in Orleans Parish and invoked the panoply of relief available under Louisiana law for "bad faith" insurance practices. Dagga Boy demanded a trial by jury.

The Policy contains the following forum selection clause:

> It is also hereby agreed that any dispute arising hereunder shall be subject to the exclusive jurisdiction of the Federal courts of the United States of America, in particular, the Federal District court within which You the Assured resides or the Federal District court within which your insurance agent resides.

(Rec. Doc. 1-1, Policy at 18 ¶ 11).

On July 26, 2023, following service of the state court action, Accelerant did two things. First, Accelerant filed Civil Action 23-2796 in this district against Dagga Boy seeking a declaratory judgment that the marine policy covering the DAGGA BOY was void from its inception. The cited basis for federal subject matter jurisdiction was admiralty and Accelerant invoked Rule 9(h) presumably to foreclose a jury. Diversity jurisdiction is not mentioned in the complaint.

Second, Accelerant removed the Orleans Parish lawsuit to this district as Civil Action 23-2803. The cited bases for federal subject matter jurisdiction are admiralty and diversity jurisdiction, the latter of which is characterized as "an independent basis for removal." (Civil Action 2803, Rec. Doc. 1, Notice of Removal at 2 ¶ 5).

The cases were consolidated after Civil Action 23-2803 was transferred to Section A of this district.

Accelerant moves to dismiss Civil Action 23-2803 arguing that because the lawsuit was filed in violation of the Policy's forum selection clause as quoted above, the Court should dismiss Civil Action 23-2803 without prejudice as a sanction. After dismissal, Dagga Boy would be required to litigate the coverage dispute as part of the declaratory judgment action that Accelerant initiated in this Court.

Although Accelerant's reasons for its pressing desire to have Civil Action 23-2803 dismissed are not apparent from its briefing, Dagga Boy posits that concerns over choice of law issues are the undercurrent driving the motion to dismiss. Because, while *admiralty* jurisdiction may be a valid basis for federal jurisdiction over the declaratory judgment action filed in this district (Civil Action 23-2796), Civil Action 23-2803, with its heavy reliance on Louisiana law, was only removable to federal court because of the presence of *diversity* jurisdiction.[1] Dagga Boy posits that Accelerant wants to ensure that the coverage dispute presented in Civil Action 23-2803, which was removable to federal court only on the basis of diversity jurisdiction, is governed by maritime law without the potential for incorporation of Louisiana's insured-friendly insurance laws or the possibility of a trial by jury.

In its Reply, Accelerant disavows any concerns over choice of law issues because the Policy itself contains a choice of law clause.[2] Accelerant continues to urge

---

[1] Maritime cases filed in state court are not removable to federal court absent an independent basis for federal subject matter jurisdiction, such as diversity jurisdiction. *See Finney v. Bd. of Comm'rs of Port of New Orleans*, 575 F. Supp. 3d 649, 661 n.96 (E.D. La. 2021) (Brown, C.J.) (gathering cases from the various judges of the Eastern District of Louisiana).

[2] The choice of law clause contained in the Policy states:

> It is hereby agreed that any dispute or claim arising hereunder (including non–contractual disputes or claims), or in connection with this Insuring Agreement, shall be adjudicated according to well established, entrenched principles and precedents of substantive United States Federal Admiralty law and practice but where no such well established, entrenched precedent exists, any dispute or claim arising hereunder (including non–contractual disputes or claims), or in connection with this Insuring Agreement, is subject to the substantive laws of the State of New York.

dismissal of Civil Action 23-2803 based solely as a sanction against Dagga Boy for violating the Policy's forum selection clause.

The Court agrees with Accelerant insofar as it asserts (in its Reply) that choice of law is not at issue in the motion to dismiss. The Court will not and need not decide in conjunction with this motion to dismiss whether the reliance on diversity jurisdiction for removal of Civil Action 23-2803 in any manner affects the law to be applied to the coverage dispute or whether the Policy's forum/choice of law clauses are valid and enforceable. All that the Court decides today is that dismissal is not necessary. The Court notes that Accelerant filed its motion to dismiss before Civil Action 23-2803 was transferred to this section for consolidation with the lower-numbered declaratory judgment action. While consolidation is an administrative case management tool only, and can have no impact on issues related to choice of law, jurisdiction, or the right to a jury trial, the parties will benefit from the convenience of having the cases before one district judge and one magistrate judge. Dismissal is simply not necessary.[3]

---

(Rec. Doc. 1-1, Policy at 18 ¶ 11).

[3] Assuming that the Policy's forum selection and choice of law clauses are valid and enforceable, it would be extremely unlikely that an insured could circumvent the Policy's mandate as to choice of law by filing a lawsuit in violation of the Policy's forum selection clause. But again, the Court expresses no view at this time as to any of these matters. It suffices for the nonce that the Court has subject matter jurisdiction over both cases in the consolidation.

Soon the parties will receive a notice from the Case Manager regarding a scheduling conference. The Case Manager has no authority to disregard a jury demand in a pleading. Therefore, at the scheduling conference, unless both sides agree that the case will be non-jury for both cases in the consolidation, the consolidated cases will be set for a jury trial but without prejudice to Accelerant's right to move to strike the jury demand and have the entire matter tried to the bench. If the matter is set for a jury trial, then Accelerant must move within 30 days of the entry of the scheduling order to strike the jury.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion to Dismiss (Rec. Doc. 7)** filed by Accelerant Specialty Insurance Co. is **DENIED.**

October 3, 2023

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE