UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ACCELERANT SPECIALTY                                    CIVIL ACTION
INSURANCE CO.

VERSUS                                                  NO: 23-2796 C/W
                                                            23-2803

DAGGA BOY, LLC                                          SECTION: "A" (5)

### ORDER AND REASONS
### [Ref: All Cases]

The following motion is before the Court: **Motion to Strike Jury Demand and to
Dismiss (Rec. Doc. 24)** filed by Accelerant Specialty Insurance Co. Dagga Boy, LLC
opposes the motion. The motion, submitted for consideration on February 28, 2024, is
before the Court on the briefs without oral argument.

**I.**

On December 9, 2022, the M/V DAGGA BOY was damaged by a fire while
moored at the dock for repairs. Dagga Boy, LLC (hereinafter "Dagga Boy") owned the
vessel. Accelerant Specialty Insurance Co. (hereinafter "Accelerant") insured the vessel.
Dagga Boy contends that the fire damage resulted in a total loss of the vessel.

On May 25, 2023, Dagga Boy filed suit against Accelerant because, according to
Dagga Boy, notwithstanding well-supported and proper proof of loss, Accelerant
persisted in denying payment on the claim. Dagga Boy filed its lawsuit in state court and
invoked the panoply of relief available under Louisiana law for "bad faith" insurance
practices. Dagga Boy demanded a trial by jury.

Page 1 of 11

On July 26, 2023, following service of the state court action, Accelerant did two things. First, Accelerant filed Civil Action 23-2796 in this district against Dagga Boy seeking a declaratory judgment that the marine policy covering the DAGGA BOY was void from its inception thereby relieving Accelerant of its coverage obligations for the fire damages. The cited basis for original federal subject matter jurisdiction was admiralty, and Accelerant invoked Rule 9(h) presumably to foreclose a jury.[1] Diversity jurisdiction is not mentioned in Accelerant's declaratory judgment complaint.

Second, Accelerant removed Dagga Boy's state court lawsuit to this district where it was assigned Civil Action number 23-2803. The cited bases for federal subject matter jurisdiction are admiralty and diversity jurisdiction, the latter of which is characterized as "an independent basis for removal."[2] (Civil Action 2803, Rec. Doc. 1, Notice of Removal at 2 ¶ 5). The cases were consolidated after Civil Action 23-2803 was transferred to Section A of this district.

---

[1] Federal Rule of Civil Procedure 9(h) states in relevant part:

> If a claim for relief is within the admiralty or maritime jurisdiction and also within the court's subject-matter jurisdiction on some other ground, the pleading may designate the claim as an admiralty or maritime claim for purposes of Rules 14(c), 38(e), and 82 and the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions. A claim cognizable only in the admiralty or maritime jurisdiction is an admiralty or maritime claim for those purposes, whether or not so designated.

Fed. R. Civ. P. 9(h)(1).

[2] Maritime cases filed in state court are not removable to federal court absent an independent basis for federal subject matter jurisdiction, such as diversity jurisdiction. *See Finney v. Bd. of Comm'rs of Port of New Orleans*, 575 F. Supp. 3d 649, 661 n.96 (E.D. La. 2021) (Brown, C.J.) (gathering cases from the various judges of the Eastern District of Louisiana).

In August of 2023, Accelerant filed a motion to dismiss Civil Action 23-2803 arguing that because the lawsuit was filed in violation of the Policy's forum selection clause, the Court should dismiss Civil Action 23-2803 without prejudice and require that all of Dagga Boy's claims be adjudicated as part of Accelerant's Rule 9(h) non-jury declaratory judgment action. The Policy contains the following forum selection clause:

> It is also hereby agreed that any dispute arising hereunder shall be subject to the exclusive jurisdiction of the Federal courts of the United States of America, in particular, the Federal District court within which You the Assured resides or the Federal District court within which your insurance agent resides.

(Rec. Doc. 1-1, Policy at 18 ¶ 11).

In opposition to the motion to dismiss, Dagga Boy pointed out that Civil Action 23-2803, with its heavy reliance on Louisiana law, was only removable to federal court because of the presence of diversity jurisdiction, implicating the right to a jury trial (a jury had been demanded prior to removal) and the potential for incorporation of certain of Louisiana's insured-friendly insurance provisions.

In its Order and Reasons denying Accelerant's motion to dismiss, the Court expressed doubt as to whether an insured could circumvent an insurance policy's mandate as to choice of law by filing a lawsuit in violation of a forum selection clause, assuming that the policy's forum selection and choice of law clauses are valid and

enforceable.[3] (Rec. Doc. 19, Order and Reasons at 4 n.3). Pretermitting consideration of any choice of law issues (which were not at issue in the prior motion to dismiss), the Court declined to dismiss Civil Action 23-2803 insofar as Accelerant was urging that course of action as a sanction against Dagga Boy for filing its lawsuit in state court. (Rec. Doc. 19, Order and Reasons).

As of this writing, the consolidated cases are set for a jury trial on September 23, 2024.[4] (Rec. Doc. 23, Scheduling Order).

## II.

Accelerant's instant motion to dismiss seeks to ensure that the parties' claims and defenses are not tried to a jury. In order to quash the jury Accelerant must deal with two separate jury demands because as previously noted, Dagga Boy filed a jury

---

[3] The Policy contains the following choice of law clause:

> It is hereby agreed that any dispute or claim arising hereunder (including non–contractual disputes or claims), or in connection with this Insuring Agreement, shall be adjudicated according to well established, entrenched principles and precedents of substantive United States Federal Admiralty law and practice but where no such well established, entrenched precedent exists, any dispute or claim arising hereunder (including non–contractual disputes or claims), or in connection with this Insuring Agreement, is subject to the substantive laws of the State of New York.

(Rec. Doc. 1-1, Policy at 18 ¶ 11).

[4] The consolidated cases are currently set for a jury trial because Dagga Boy demanded a jury in Civil Action 23-2803 prior to removal, and because Dagga Boy demanded a jury in its Answer filed in Civil Action 23-2796. (Rec. Doc. 21, Answer with Jury Demand). As the Court explained in its Order and Reasons denying Accelerant's motion to dismiss, at the upcoming scheduling conference the jury demands would be honored solely because the Case Manager would have no authority to disregard a jury demand in a pleading but Accelerant would be free to move to strike the jury demand seeking to have the entire matter tried to the bench. (Rec. Doc. 19, Order and Reasons at 4 n.3).

demand in its Answer to the 9(h)-designated declaratory judgment complaint (23-2796) as well as a jury demand in the removed state court case (23-2803).

Accelerant begins by pointing out that it properly designated its declaratory judgment action 23-2796 as falling under Rule 9(h), which foreclosed a jury in the lead case from its inception. Therefore, Accelerant's first request is that the Court strike the jury demand that Dagga Boy filed in its Answer to Accelerant's Rule 9(h)-designated complaint in Civil Action 23-2796. (Rec. Doc. 21, Answer with Jury Demand).

Next, notwithstanding that the Court previously rejected Accelerant's argument that Civil Action 2803 should be dismissed because Dagga Boy initiated the lawsuit outside of the Policy's designated forum, Accelerant once again urges that Civil Action 23-2803 should be dismissed in order to give effect to the Policy's forum selection clause. According to Accelerant, assuming that Dagga Boy ever had the right to a jury trial, Dagga Boy forfeited that right by filing suit in state court.[5]

Accelerant goes on to point out that if it had left Dagga Boy's case in state court instead of removing it to federal court, the state court judge would have been compelled to dismiss the lawsuit in order to give effect to the Policy's forum selection clause. Accelerant argues that a different result should not obtain just because Accelerant

---

[5] In its Order and Reasons denying Accelerant's first motion to dismiss, the Court characterized the relief that Accelerant was seeking as a "sanction" against Dagga Boy for filing a lawsuit in an improper forum. (Rec. Doc. 19, Order and Reasons). Accelerant disputes that the relief it seeks amounts to a sanction but in substance a "remedy" that consists of ordering that a party's Seventh Amendment right to a jury trial has been "forfeited" for initiating a case in the wrong forum sounds punitive in nature. Moreover, the Court perceives no contumacious or bad faith conduct on the part of Dagga Boy or its attorney in filing the lawsuit in the wrong forum, Accelerant's arguments to the contrary notwithstanding.

removed the case to the correct forum. Accelerant argues that Dagga Boy should not secure an advantage in the litigation by intentionally initiating an action in an improper forum.

In opposition, Dagga Boy argues that if the Court grants Accelerant's motion then Dagga Boy will suffer extreme prejudice to its constitutional rights to a complete trial on the merits, including its right to a jury on all issues. Dagga Boy contends that since it properly requested a jury while the Civil Action 23-2803 was pending in state court it is entitled to a jury on all claims in the consolidation. Dagga Boy argues that the real reason that Accelerant is so anxious to dismiss Civil Action 23-2803 is that it seeks to circumvent the application of Louisiana's bad faith insurance statutes to its actions in denying coverage on Dagga Boy's insurance claim.

### III.

As with Accelerant's prior motion to dismiss, choice of law issues are not squarely before the Court but choice of law issues are mentioned in Dagga Boy's opposition memorandum. Therefore, at the outset, the Court must disabuse Dagga Boy of any notion that the choice of law determination is impacted in any manner by the procedural aspects of this case, whether it be the Rule 9(h) designation in the lead case or the fact that Civil Action 23-2803 relies on Louisiana law and was removed based on diversity jurisdiction. Simply, the fate of Civil Action 23-2803 does not impact the question of whether Dagga Boy can assert claims under Louisiana state law.

The Policy, which is a maritime contract, has a choice of law clause (quoted at footnote 3 above), which expressly dictates that maritime law applies, and failing that

the law of the State of New York. If there was ever a doubt regarding the enforceability

of such a provision that doubt was surely laid to rest by *Great Lakes Insurance SE v.*

*Raiders Retreat Realty Co.*, 144 S. Ct. 637 (2024), decided less than a month ago, and

only one day after Dagga Boy filed its opposition memorandum. *Great Lakes* holds that

the enforceability of a choice of law provision in a maritime contract is governed by

federal maritime law, and that under maritime law such a provision is presumptively

valid and enforceable.[6] 144 S. Ct. at 646. *Great Lakes* also rejects the contention that

state law determines the enforceability of a choice of law provision in a maritime

contract, *id.*, which is an argument that Dagga Boy alludes to in this case.[7] (Rec. Doc.

28, Opposition at 14 n.1). Regardless of whether Accelerant's strong desire to dismiss

Civil Action 23-2803 has anything to do with the application of Louisiana's insurance

statutes, this Court is persuaded that the issue does not turn on whether Civil Action 23-

2803 stays or goes.

   In fact, the Court is persuaded that Accelerant harbors no hidden motives in

---

[6] There are exceptions to enforceability, some of which are identified in the *Great Lakes* opinion, but those are narrow and seemingly not applicable to this case. 144 S. Ct. at 646.

[7] In its memorandum in opposition Dagga Boy refers to the cert application that had been granted in the *Great Lakes* case when clarifying that its position would be that Louisiana law would prohibit the choice of law provision insofar as it would apply New York law. (Rec. Doc. 28, Opposition at 14 n.1).
   Counsel for Accelerant contacted the Court via letter on February 22, 2024, to advise the Court that the *Great Lakes* decision had been issued, and to request a status conference to discuss how this case should proceed in light of that decision. On February 27, 2024, the Court's Clerk contacted counsel via email to obtain the parties' suggestions as to the best way to proceed but received no response. In its letter to the Court, Accelerant stated that in its view *Great Lakes* was directly on point and this Court is inclined to agree. Both legally and factually the *Great Lakes* case is remarkably similar to this case.

seeking once again to have Civil Action 23-2803 dismissed. Accelerant has made clear that it wants no jury in this case, and eliminating Civil Action 23-2803 is essential to that goal. Because while Accelerant is on stronger footing in having the jury demand in the Rule 9(h) lead case struck under the law in this circuit,[8] the jury demand in Civil Action 23-2803 presents a different problem.

The jury demand in Civil Action 23-2803 is problematic for Accelerant because regardless of the substantive law that governs in Civil Action 23-2803, the sole jurisdictional basis upon which the case now properly rests in federal court is diversity

---

[8] *Harrison v. Flota Mercante Grancolombiana, S.A.*, holds that when a maritime complaint is brought under Rule 9(h), all claims including those in a counterclaim subject to diversity jurisdiction, are to be tried without a jury. 577 F.2d 968 (5th Cir. 1978). But *Harrison* did not involve a preemptive declaratory judgment action filed by an insurer against its insured when the insured would have had the right to a jury trial based on diversity jurisdiction.

The Fourth Circuit does not allow an insurer's preemptive declaratory judgment action to deprive the insured of its right to a jury trial when the insured raises counterclaims cognizable under diversity jurisdiction. *In re Lockheed Martin Corp.*, 503 F.3d 351 (4th Cir. 2007); *see also Clear Spring Prop. & Cas. Co.*, No. 22-2435, 2023 WL 6200198 (D. Kan. Sept. 22, 2023). In reaching this conclusion, the Fourth Circuit relied upon *Beacon Theaters, Inc. v. Westover*, 359 U.S. 500 (1959), a Supreme Court decision that addressed the right to a jury trial in a declaratory action. In *Beacon Theaters* the Supreme Court held that if a declaratory judgment defendant (like Dagga Boy) would have been entitled to a jury trial in a suit against a declaratory judgment plaintiff (like Accelerant) then the defendant cannot be deprived of that right "merely because [the plaintiff] took advantage of the availability of declaratory relief to sue [] first." *Id.* at 504.

The Eleventh Circuit, has declined to follow the Fourth Circuit's approach. *St. Paul Fire & Marine Ins. Co. v. Lago Canyon, Inc.*, 561 F.3d 1181 (11th Cir. 2009); *see also Clear Spring Prop. & Cas. Co. v. Matador Sportfishing, LLC*, No. 21-1581, 2022 WL 888099 (M.D. Penn. Mar. 24, 2022); *Great Lakes Ins. SE v. Crabtree*, 580 F. Supp.3d 1255 (S.D. Fla. Jan. 12, 2022) (applying Eleventh Circuit controlling law). Another judge of this Court has likewise found the 9(h) designation to be dispositive of the jury issue notwithstanding *Beacon Theaters*. *Great Lakes Ins., S.E. v. Gray Grp. Invests., LLC*, No. 20-2795, 2021 WL 5907710 (E.D. La. Dec. 14, 2021) (Vance, J.). In the Eleventh Circuit's *St. Paul Fire & Marine* case, one of the panel judges authored an excellent concurring opinion explaining why he believed that the nature of a declaratory judgment action should distinguish it from the outcome reached in *Harrison*, which again was not a declaratory judgment case.

jurisdiction. While Civil Action 23-2803 is one of those less common cases where two bases of original subject matter exist (admiralty and diversity), in order to remove the case to federal court—which was not required because Accelerant could have sought dismissal in state court based on the Policy's forum selection clause—Accelerant was forced to invoke diversity jurisdiction because admiralty jurisdiction does not allow for removal. Diversity jurisdiction carries with it the Seventh Amendment right to a jury trial. Under the federal rules, "[a] party who has demanded a jury trial in accordance with state law before removal "need not renew the demand after removal." Fed. R. Civ. Pro. 81(c)(3)(A). There is no question but that Dagga Boy has the right to a jury trial in Civil Action 23-2803 and that right derives from the Seventh Amendment not from the original venue's rules regarding jury demands.

Given that Accelerant has no right under federal law to a bench trial, *Luera v. M/V ALBERTA*, 635 F.3d 181, 196 (5th Cir. 2011), and given that the Court could in its discretion simply dismiss Accelerant's Rule 9(h) complaint,[9] the Court is persuaded that it would commit reversible error by denying Dagga Boy its Seventh Amendment right to a jury trial in this matter. If Dagga Boy had filed its lawsuit in the Eastern District of Louisiana based on diversity jurisdiction and demanded a jury trial, there would be no room for debate regarding its Seventh Amendment right to a jury even if the substantive

---

[9] Declaratory relief is a matter of district court discretion so the Court could simply dismiss Accelerant's declaratory judgment case, *see Torch, Inc. v. LeBlanc*, 947 F.2d 193 (5th Cir. 1991), and adjudicate the parties' respective claims to a jury in Civil Action 23-2803. *See also Rowan Companies, Inc. v. Blanton*, 764 F. Supp. 1090 (E.D. La. 1991) (Feldman, J.). Both *Torch* and *Rowan*, frown upon an insurer using a declaratory judgment action to deprive a party of the right to a jury trial.

rule of law governing the case is maritime law. Dagga Boy did not do that—it filed a lawsuit in a contractually improper forum. But regardless of where the Civil Action 23-2803 originated, it's now pending in the correct forum due to Accelerant's decision to remove the case. Thus, dismissal for the purpose of giving effect to the Policy's forum selection clause—a legitimate argument had it been raised and heard in state court—is now a moot point. Dagga Boy did not garner any advantage from filing a lawsuit in state court but Dagga Boy undoubtedly benefitted from Accelerant's decision to remove the case to federal court in lieu of seeking dismissal in state court.

Finally, Accelerant argues that the recent decision in *In re N&W Marine Towing, LLC*, 90 F.4th 724 (5th Cir. 2024), supports the contention that Accelerant was improperly joined in the state court lawsuit, and that as in *N&W Marine Towing*, this Court should dismiss Civil Action 23-2803 without prejudice. But *N&W Towing* does not help Accelerant because Dagga Boy did not file a lawsuit in violation of a stay order issued by a federal court. Dagga Boy simply filed its lawsuit in the incorrect forum, a mistake that was cured when Accelerant removed the case to federal court.

In sum, the Court need not decide whether controlling law requires that the jury demand in the lead 9(h) case be struck. (See footnote 8 above). Once Accelerant removed Civil Action 23-2803 to federal court based on diversity jurisdiction, Dagga Boy was entitled to a jury under the Seventh Amendment even if maritime law provides the substantive rule of law. Accelerant's motion to strike the jury demand in Civil Action 23-2803 and to dismiss that case is denied. All claims in the consolidation will be tried to a jury.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion to Strike Jury Demand and to Dismiss (Rec. Doc. 24)** filed by Accelerant Specialty Insurance Co. is **DENIED.**

March 19, 2024

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE