UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ACCELERANT SPECIALTY                                  CIVIL ACTION
INSURANCE CO.

VERSUS                                               NO: 23-2796 C/W
                                                        23-2803

DAGGA BOY, LLC                                        SECTION: "A" (5)

## ORDER AND REASONS
### [Ref: All Cases)

The following motion is before the Court: **Motion to Strike, Motion in**

**Limine/Daubert Motion to Exclude Revel Boulon, or in the Alternative, Motion to**

**Continue (Rec. Doc. 51)** filed by Dagga Boy, LLC. Accelerant Specialty Insurance Co.

opposes the motion. The motion, submitted for consideration on August 7, 2024, is

before the Court on the briefs without oral argument.

**I.**

On December 9, 2022, the M/V DAGGA BOY was damaged by a fire while

moored at the dock for repairs. Dagga Boy, LLC (hereinafter "Dagga Boy") owned the

vessel. Accelerant Specialty Insurance Co. (hereinafter "Accelerant") insured the vessel.

Dagga Boy contends that the fire damage resulted in a total loss of the vessel.

On May 25, 2023, Dagga Boy filed suit against Accelerant because, according to

Dagga Boy, notwithstanding well-supported and proper proof of loss, Accelerant

persisted in denying payment on the claim. Significant motion practice has ensued

regarding the issue of whether the case should be tried to a jury. (Rec. Docs. 19 & 30).

As of this writing, the parties have filed cross motions for summary judgment on the issue of coverage. (Rec. Docs. 38 & 45). Those motions are scheduled for submission on September 4, 2024.

The consolidated cases are set for a jury trial on September 23, 2024. (Rec. Doc. 23, Scheduling Order).

## II.

Dagga Boy moves to exclude any expert testimony from Revel Boulon, Accelerant's expert marine surveyor, contending that his report was not timely produced under the Court's scheduling order.

The Court declines to exclude Boulon on the basis of timeliness given the non-traditional procedural posture of the consolidated cases.[1]

Dagga Boy also moves to exclude Revel Boulon based on his qualifications and the reliability of his opinions. *See Daubert v. Merrell Dow Pharm., Inc.*, 509 U.S. 579 (1993).

The Court declines to exclude Boulon under the principles of *Daubert*. The issues that Dagga Boy raises go to the weight of the evidence and will surely be the subject of vigorous cross examination.

## III.

In the event that the Court declined to exclude Boulon's expert opinions, Dagga

---

[1] Accelerant is the plaintiff in the declaratory judgment action but Accelerant assumed that the report deadline for defense reports applied because Dagga Boy was the plaintiff in the lawsuit removed from state court. (Rec. Doc. 55, Opposition at 1).

Boy alternatively requested a Rule 56(d)(2) continuance of Accelerant's cross motion for summary judgment, originally noticed for submission on July 24, 2024, to allow additional time for Dagga Boy to obtain affidavits and to depose Boulon as well as certain manufacturers of fire extinguishing equipment. (Rec. Doc. 51-2, Rendeiro Declaration ¶ 8). The Court continued both cross motions for summary judgment to their current submission date of September 4, 2024, so that Dagga Boy's motion to exclude Boulon could be heard prior to the opposition due date for the cross motions. Given that the Court will not exclude Boulon, it is unclear whether the brief continuance that the Court has already granted will suffice to allow Dagga Boy to conduct the additional discovery that it requires to prepare its opposition. Therefore, until such time as the Court receives a motion to continue, the current motion submission date of September 4, 2024 for the cross motions will remain in place.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the : **Motion to Strike, Motion in Limine/Daubert Motion to Exclude Revel Boulon, or in the Alternative, Motion to Continue (Rec. Doc. 51)** filed by Dagga Boy, LLC is **DENIED.**

August 13, 2024

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE