UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ACCELERANT SPECIALTY INSURANCE CO. | CIVIL ACTION |
| VERSUS | NO: 23-2796 C/W<br>23-2803 |
| DAGGA BOY, LLC | SECTION: "A" (5) |

## ORDER AND REASONS
### [Ref: All Cases]

The following motions are before the Court: **Cross-Motion for Summary Judgment (Rec. Doc. 38)** filed by Dagga Boy, LLC; **Motion for Summary Judgment (Rec. Doc. 45)** filed by Accelerant Specialty Insurance Co. Both motions are opposed. The motions, submitted for consideration on September 4, 2024, are before the Court on the briefs without oral argument.

**I.**

On December 9, 2022, the M/V DAGGA BOY was damaged by a fire while moored at the dock for repairs. Dagga Boy, LLC (hereinafter "Dagga Boy") owned the vessel. Accelerant Specialty Insurance Co. (hereinafter "Accelerant") insured the vessel. Dagga Boy contends that the fire damage resulted in a total loss of the vessel.

On May 25, 2023, Dagga Boy filed suit against Accelerant because, according to Dagga Boy, notwithstanding well-supported and proper proof of loss, Accelerant persisted in denying payment on the claim. Accelerant denied coverage based on the assertion that Dagga Boy had breached certain of the policy's warranties, which

according to Accelerant, voided the policy from its inception. (Rec. Doc. 38-8, ROR letter dated 7/26/2023).

Significant motion practice has ensued regarding the issue of whether the case should be tried to a jury. (Rec. Docs. 19 & 30, Order and Reasons). The consolidated cases were set for a jury trial on September 23, 2024.[1] (Rec. Doc. 23, Scheduling Order).

On September 3, 2024, the Court granted Dagga Boy's unopposed motion to continue the trial pending the Court's resolution of the parties' cross motions for summary judgment on the issue of coverage, which are currently before the Court. (Rec. Doc. 61, Order ). The parties' positions as presented in those cross motions are addressed below.[2]

---

[1] Accelerant is the plaintiff in the lower-numbered declaratory judgment action filed in federal court. Dagga Boy was the plaintiff in the lawsuit removed from state court. The declaratory judgment action is the lead case in the consolidation.

[2] The cross motions for summary judgment had originally been scheduled for submission on July 24, 2024, but the Court continued the motions at Dagga Boy's request because Dagga Boy was convinced that Accelerant had violated the Court's scheduling order when it produced the report of its expert marine surveyor, Revel Boulon. (Rec. Doc. 50). The Court ultimately denied Dagga Boy's motion to strike Boulon as a witness. (Rec. Doc. 56, Order).
    Dagga Boy has recently stated that the Court's denial of the motion to strike Boulon "allowed plaintiff's [Accelerant's] default to go unpunished." (Rec. Doc. 57-1 at 2). The Court reminds Dagga Boy that the procedural confusion present in this case is due in large part to the lawsuit that Dagga Boy filed in state court in violation of the policy's forum selection clause. After Accelerant removed that case, the Court denied, at Dagga Boy's behest, two separate motions by Accelerant to have the second (removed) lawsuit dismissed.
    When Dagga Boy recently moved to continue the trial, Dagga Boy also sought to continue (again) the submission date on the cross motions for summary judgment, citing the Court's denial of the motion to strike Boulon as a witness. Accelerant opposed that request. The Court ruled that the opposed request to continue the submission date for the pending cross motions for summary judgment would be taken under advisement and considered in conjunction with the merits of the pending cross motions for summary judgment, which may

**II.**

Accelerant's position is that Dagga Boy breached the policy's fire suppression warranty thereby voiding coverage as a matter of New York law. The policy includes a choice-of-law clause requiring that any dispute or claim arising under the policy shall be adjudicated according to admiralty law and failing that the substantive law of the State of New York. (Rec. Doc. 38-6 § 11). Accelerant contends that the Supreme Court's decision in *Great Lakes Insurance SE v. Raiders Retreat Realty Co.,* 601 U.S. 65 (2024), establishes that the choice-of-law clause in its policy is presumptively enforceable.

The fire suppression warranty at issue is found in the policy's General Conditions & Warranties (Section 9), and provides in relevant part as follows:

If the Scheduled Vessel is fitted with fire extinguishing equipment, then it is warranted that:

b.   All fire extinguishing equipment is tagged and certified *annually* or in accordance with the manufacturer's recommendations, *whichever is more frequent*.

c.   The tanks of such equipment are weighed *annually* or in accordance with the manufacturer's recommendations, *whichever is more frequent*.

(Rec. Doc. 38-6 § 9(xi) (emphasis added)).

Moreover, the policy provides:

---

or may not implicate the need for additional discovery. (Rec. Doc. 61, Order). The Court explained that it would allow sufficient time for additional discovery if the Court were to determine that additional discovery is necessary in light of the issues presented in the pending cross motions for summary judgment. (*Id.*).

> Where any term herein is referred to as a 'warranty' or where any reference is made herein to the word 'warranted,' the term shall be deemed a warranty and regardless of whether the same expressly provides that any breach will void this Insuring Agreement from inception, *it is hereby agreed that any such breach will void this Insuring Agreement from inception.*

(Rec. Doc. 38-6 § 9(xx) (emphasis added)).

The policy does not define "annually."

It is an undisputed fact in this case that the post-casualty investigation revealed that the DAGGA BOY's fire suppression equipment and portable fire extinguishers had last been certified in April and May of 2020. This was well over two years before the fire loss occurred in December 2022, and just about two years before the policy's effective date of May 7, 2022. It is also undisputed that the fire loss was not caused by faulty fire suppression equipment.

Accelerant's position is that the warranty required that the certification have occurred at least one year before the policy's inception.[3] Accelerant maintains that on the day that the policy became effective (May 7, 2022) Dagga Boy warranted that the vessel's fire extinguishers had already been tagged, certified, and weighed annually, or in accordance with the manufacturer's recommendations, and since that undisputedly was not the case, Dagga Boy breached the fire suppression warranty.[4]

---

[3] In the Reservation of Rights letter that Accelerant sent to Dagga Boy explaining why coverage was being denied, Accelerant stated that the fire equipment warranty had been violated because the equipment has last been certified "more than a year before the loss." (Rec. Doc. 38-8, ROR letter dated 7/26/2023).

[4] Accelerant and Dagga Boy concur that the question of whether coverage was voided based on the requirement for annual tagging and certification can be determined as a matter of law, with no issues of material fact standing in the way. The parties also concur

Dagga Boy submits that on December 9, 2022 when the fire occurred, it was not in breach of any of the general conditions and warranties required by the policy, including the fire suppression warranty. Dagga Boy's position is that while the policy requires that the fire extinguishing equipment be tagged and certified *annually*, which unarguably means once per year, the policy unambiguously gave Dagga Boy until May 7, 2023—the last day that the policy would be in effect—to comply with the requirement.[5] In other words, according to Dagga Boy, the annual period within which to inspect and certify the fire suppression system began on May 7, 2022 (policy inception) and ended on May 7, 2023 (policy termination), and since the loss occurred only seven months into that year-long period, Dagga Boy was not in breach of any warranties on

---

that no additional discovery is necessary for the Court's coverage determination, again insofar as it turns on the requirement for annual tagging and certification. Dagga Boy's opposed motion to continue the cross motions for summary judgment on coverage does not pertain to the issue of coverage based on annual tagging and certification.

    As an alternative basis to avoid coverage, Accelerant points out that the fire equipment warranty quoted above also provides for a more onerous certification requirement when the equipment's manufacturer recommends a more frequent, *i.e.*, more often than annually, tagging and certification of the fire extinguishing equipment. In his expert report, Revel Boulon stated that the manufacturer's manual for the Fireboy Clean Agent Fixed Suppression system on the DAGGA BOY recommended certification every six (6) months. (Rec. Doc. 45-2, Boulon report at 5). A copy of the manual with the six (6) month requirement is attached to Boulon's report. (*Id.* at 13). Thus, according to Accelerant, Dagga Boy neither certified the fire suppression system annually nor in accordance with the manufacturer's recommendations (every six (6) months) thereby providing two bases to conclude that Dagga Boy breached the policy's fire suppression warranty.

    It is this alternative basis to avoid coverage, which relies on Boulon's expert report—the report that Dagga Boy unsuccessfully moved the Court to strike—that prompted Dagga Boy's motion to continue the cross motions for summary judgment on coverage to allow additional discovery. *See* footnote 2, *supra*.

[5] In a confusing and seemingly contradictory turn of events, Dagga Boy has argued in opposition to Accelerant's cross motion that the warranty as to the fire extinguishing equipment *is* ambiguous.

the date of the loss. In fact, Dagga Boy maintains that if the catastrophic fire had not occurred, it would have fulfilled its contractual obligations prior to the policy's expiration date. (Rec. Doc. 38-9, Sloss affidavit ¶ 19).

Dagga Boy goes on to reason that the commencement date for the annual certification could not have predated May 7, 2022 (the policy's effective date), because to conclude otherwise would mean that the policy's warranty obligations somehow preceded the inception of Accelerant's policy. And since the policy does not reveal any specific commencement date in order for Dagga Boy to fulfill its warranty obligations it could only have been the date the policy went into effect on May 7, 2022, which gave Dagga Boy until May 7, 2023, the last day that the policy would be in effect.

### III.

As to whether the fire suppression warranty in Accelerant's policy is or is not ambiguous, Accelerant has brought to the Court's attention at least three non-binding decisions, in which the courts involved have concluded that a *similar* fire suppression warranty in a maritime insurance policy was not ambiguous: *Lloyd's of London v. Pagan-Sanchez*, 539 F.3d 19 (1st Cir. 2008); *Clear Spring Property & Casualty Co. v. Big Toys, LLC*, 683 F. Supp. 3d 1297 (S.D. Fla. 2023); *Clear Spring Property & Casualty Co. v. Viking Power, LLC*, 608 F. Supp. 3d 1220 (S.D. Fla. 2022). But those decisions are not particularly helpful in this case because the issue in those cases was whether "once a year" certification was required given that the warranty included the phrase "as necessary." The fire suppression warranty in this case does not include the potentially ambiguous "as necessary" phrase found in the policies in the cited cases.

In this case Dagga Boy does not dispute that annual certification required "once a year" certification. The potential ambiguity that Dagga Boy seizes upon is the fact that the policy does not specify *when* the pertinent one-year period began and ended. And since the policy is silent as to the issue, the one-year period could have begun at the policy's inception on May 7, 2022, as Dagga Boy maintains.

The Court is persuaded that requiring annual tagging and certification unambiguously and reasonably means a *recurring* obligation that takes place every year, not every few years, to ensure that the equipment is in good working order when it is needed. Ignoring that the manufacturer of the DAGGA BOY's fire equipment might very well have recommended a *shorter* certification cycle than "annually," (see footnote 4 above regarding the Boulon report), given that the DAGGA BOY's fire suppression equipment and portable fire extinguishers had last been certified in April and May of 2020, the DAGGA BOY's annual certification became one year overdue once April and May of 2021 passed without having the certification and tagging performed. Annual certification became two years overdue once April and May of 2022 passed without having the certification and tagging performed. It matters not that the lapses in annual certification pre-dated the policy's effective date because at the policy's inception, Dagga Boy warranted that the vessel's fire suppression equipment was certified annually or in accordance with the manufacturer's recommendations. But this was clearly not the case because at the policy's inception the annual certification was already two years overdue. The Court is persuaded that Dagga Boy did in fact breach the policy's fire suppression warranty.

And given that Dagga Boy did breach the fire suppression warranty, the choice of law issue becomes critical because § 9(xx) of the policy as quoted above voids coverage in light of the warranty breach, and under New York law that provision is enforceable. Thus, even though Accelerant does not maintain that Dagga Boy's breach of the warranty is causally-related to the fire loss of the DAGGA BOY, under New York law coverage is voided by the breach nonetheless. *See, e.g., Safe Harbor Pollution Ins. v. River Marine Enters., LLC*, 593 F. Supp. 3d 82, 92 (S.D.N.Y. 2022) (citing *Jarvis Towing & Transp. Corp. v. Aetna Ins. Co.*, 82 N.E.2d 577 (N.Y. 1948)).

The policy, which is a maritime contract, has a choice of law clause which expressly dictates that maritime law applies, and failing that the law of the State of New York.[6] If there was ever a doubt regarding the enforceability of such a provision that doubt was surely laid to rest earlier this year by *Great Lakes Insurance SE v. Raiders Retreat Realty Co.*, 601 U.S. 65 (2024), decided while this case was pending. *Raiders Retreat* holds that the enforceability of a choice of law provision in a maritime contract is governed by federal maritime law, and that under maritime law such a provision is

---

[6] The Policy contains the following choice of law clause:

> It is hereby agreed that any dispute or claim arising hereunder (including non–contractual disputes or claims), or in connection with this Insuring Agreement, shall be adjudicated according to well established, entrenched principles and precedents of substantive United States Federal Admiralty law and practice but where no such well established, entrenched precedent exists, any dispute or claim arising hereunder (including non–contractual disputes or claims), or in connection with this Insuring Agreement, is subject to the substantive laws of the State of New York.

(Rec. Doc. 1-1, Policy at 18 ¶ 11).

presumptively valid and enforceable.[7] *Id.* at 76. *Great Lakes* rejects the contention that state law determines the enforceability of a choice of law provision in a maritime contract. *Id.*

**III.**

In sum, Dagga Boy breached the policy's fire suppression warranty. Pursuant to the express terms of the policy and New York substantive law, coverage was voided. Accelerant does not owe coverage for the December 9, 2022 loss sustained by the M/V DAGGA BOY.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Cross-Motion for Summary Judgment (Rec. Doc. 38)** filed by Dagga Boy, LLC is **DENIED.**

**IT IS FURTHER ORDERED** that the **Motion for Summary Judgment (Rec. Doc. 45)** filed by Accelerant Specialty Insurance Co. is **GRANTED.**

**IT IS FURTHER ORDERED** that judgment shall be entered in favor of Accelerant Specialty Insurance Co. and against Dagga Boy, LLC on the issue of coverage for the December 9, 2022 loss sustained by the M/V DAGGA BOY.

September 23, 2024

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE

---

[7] There are exceptions to enforceability, some of which are identified in the *Great Lakes* opinion, but those are narrow and seemingly not applicable to this case. 601 U.S. at 76.